UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BILLING CONCEPTS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **OCMC, INC.,** | § | **SA-05-CA-1084 FB (NN)** |
| | § | |
| **Defendant.** | § | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   **Hon. Fred Biery**
      **United States District Judge**

## I. Introduction

The matter before the Court is plaintiff's motion to remand, defendant's response, and

plaintiff's reply (Docket Entries 6, 13, and 15). This is a case arising from a business relationship

between plaintiff Billing Concepts, Inc. and defendant OCMC, Inc., and actions of defendant after

the relationship deteriorated. Plaintiff's Original Petition alleges business disparagement and

tortious interference with contracts and business relationships.[1] Plaintiff requests injunctive relief

and an award of monetary damages.[2]

Plaintiff moved to remand the case to the 225th Judicial District Court of Bexar County,

Texas, where it was originally filed, on the grounds that the case was improvidently removed to

---

[1] Docket Entry 1, Exhibit B, plaintiff's Original Petition at 6-7, provided as an attachment to defendant's notice of removal.

[2] **Id.**

federal court.  Plaintiff contends that the amount in controversy that is sought by plaintiff is less than $75,000.00.  Therefore, a necessary element for diversity jurisdiction is absent and the Court lacks subject matter jurisdiction to hear the case.[3]

Defendant opposes the motion to remand on the basis that the amount in controversy exceeds the $75,000.00 threshold when plaintiff's claims for actual and punitive damages and the value of the right protected by the proposed injunction relief are considered.[4]  Defendant further contends that plaintiff's affidavit is ineffective to defeat federal jurisdiction.[5]

After having considered the motion, the responsive briefs, and the applicable law in this case, it is my recommendation that the plaintiff's motion to remand the case to state court should be **GRANTED**.

I have authority to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for disposition by order, or to aid in their disposition by recommendation where my authority as a Magistrate Judge is statutorily constrained.[6]

## II. Federal Jurisdiction

This case is not within the removal jurisdiction conferred to district courts under 28 U.S.C. § 1441 *et seq.*  For the reasons set forth below, the court lacks diversity jurisdiction as required under 28 U.S.C. § 1332(a)(1).

---

[3] Docket Entry 6.

[4] Docket Entry 13.

[5] **Id.**

[6] Docket Entry 3.

### III. Statement of the Case

On November 1, 2005, plaintiff filed its original petition against defendant in the 225th Judicial District Court of Bexar County, Texas, Cause Number 2005-CI-17452.[7]  In the petition, plaintiff requested a temporary restraining order ("TRO") be entered ex parte against defendant.  In particular, plaintiff requested the state court (1) order defendant to provide plaintiff with a written retraction and apology concerning communications specified in Exhibit C attached to the petition, within seventy-two (72) hours of receiving the TRO; (2) order defendant to provide plaintiff with a complete list identifying all companies and individuals to whom defendant sent a copy of Exhibit C, or to whom defendant otherwise conveyed the substance of Exhibit C, within seventy-two (72) hours of receiving the TRO; (3) order the defendant to provide plaintiff with a "hardcopy" of all communications similar to Exhibit C that defendant made, within seventy-two (72) hours of receiving the TRO; (4) enjoin defendant from further disseminating the contents of Exhibit C; and (5) enjoin defendant from further disseminating any false or misleading statement concerning plaintiff and its affiliates.[8]

On November 1, 2005, the State District Court granted plaintiff's application and issued a temporary restraining order containing all the elements requested by plaintiff.[9]  As a condition to the TRO becoming effective, plaintiff was required to execute and file a bond or make a cash deposit of five hundred dollars ($500.00) with the Clerk of the State District Court.[10]  The State

---

[7] Docket Entry 1, Exhibit B, plaintiff's Original Petition.

[8] Docket Entry 1, Exhibit B, plaintiff's Original Petition at 7-8.

[9] Docket Entry 1, Exhibit B; Docket Entry 5, TRO.

[10] Docket Entry 5, TRO at 3.

District Court issued the TRO without notice to defendant even though plaintiff had contact information for defendant and defendant's counsel due to pending litigation in the United States District Court for the Southern District of Indiana, **OCMC, Inc. v. Billing Concepts, Inc.**, Case No. 1:05-CV-01396-DFH-TAB.[11]  Upon entry of the TRO, plaintiff's counsel sent a facsimile of the TRO to defendant's counsel.  The transmission of the TRO arrived at the offices of defendant's counsel in Indianapolis, Indiana, after 5:00 p.m. on November 1, 2005.  Specifically, defendant averred that its counsel did not receive the facsimile until November 2, 2005.[12]

On November 4, 2005, defendant removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[13]  In the notice of removal, defendant noted that plaintiff was a multi-million dollar company that had alleged that defendant's actions caused it to lose prospective and existing client contracts, and as a result, plaintiff had sustained damage to its reputation and business relationships.  Plaintiff alleged that the damages were ongoing.  Defendant further noted that plaintiff had requested unliquidated actual damages, punitive damages, and injunctive relief.  Based on plaintiff's request for relief, defendant contended that the amount in controversy exceeded $75,000.00.[14]

Contemporaneously with the notice of removal, defendant filed a motion to quash the

---

[11] Docket Entry 2 at ¶ 3.

[12] Docket Entry 2 at ¶ 4.  The Southern District of Indiana Court subsequently dismissed the case in an order entered on May 3, 2006.  **See OCMC, Inc. v. Billing Concepts, Inc.**, Case No. 1:05-CV-01396 (Docket Entry 40).

[13] Docket Entry 1.

[14] Docket Entry 1 at ¶ 8.

TRO.[15]  On November 9, 2005, plaintiff responded with a motion to enforce the TRO, a motion

to extend the TRO, and a motion for contempt.[16]  On the same day, plaintiff filed the instant

motion to remand the case back to the 225th Judicial District Court of Bexar County, Texas.[17]

On November 14, 2005, I entered a Memorandum and Recommendation in which I

recommended that the District Court find that plaintiff had not shown good cause for extension of

the TRO and deny the motion to extend.[18]  I noted that the TRO would expire prior to the time

that the District Court could consider the Memorandum and Report, and the parties' objections

thereto.   Consequently, I recommended that the District Court also deny the motion to quash as

moot.  On December 9, 2006, the District Court entered an order accepting the Memorandum and

Recommendation such that the defendant's motion to quash the TRO was dismissed as moot, and

the plaintif's motion to extend the TRO was denied.[19]

On December 27, 2005, defendant answered plaintiff's original petition and filed a

counterclaim requesting damages for wrongful injunction.[20]  Plaintiff responded to the

counterclaim with a timely motion to dismiss.[21]  Since it is my recommendation that the motion to

remand should be granted on the basis that the case was improvidently removed, defendant's

motion to dismiss the counterclaim need not be considered by this Court.

[15] Docket Entry 2.

[16] Docket Entry 8.

[17] Docket Entry 6.

[18] Docket Entry 11.

[19] Docket Entry 17.

[20] Docket Entry 18.

[21] Docket Entry 19.

**IV. <u>Issue Presented</u>**

Was the case improvidently removed to federal court?  In particular, does the amount in controversy meet the minimum amount required by statute to satisfy the value element of federal diversity jurisdiction?

**V. <u>Analysis</u>**

The right to remove a case from a state court of competent jurisdiction to a federal court is purely statutory and "entirely dependant on the will of Congress."[22]  The current version of the removal statute provides in part relevant to this case:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....[23]

Likewise, Congress has statutorily provided for the remand of a case to a state court from which it was improvidently removed.  Section 1447(c) of Title 28, United States Code, provides in part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The overriding principle in matters of removal and remand is that federal courts have no inherent subject matter jurisdiction.  Federal Courts are courts of limited jurisdiction by origin and

---

[22] 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, **<u>Federal Practice and Procedure</u>** § 3721 at 285-86 (3d ed. 1998).

[23] 28 U.S.C. § 1441(a).

design.[24]  As a result, there is an initial presumption that federal courts lack subject matter

jurisdiction to resolve a particular suit.[25]  It is well established that the party removing the case has

the burden to present facts showing, that federal subject matter jurisdiction exists.[26]  Whether a

case may be removed is a question of federal law to be decided by federal courts[27] with the

removal statute strictly construed,[28] and doubts concerning the propriety of removal construed

against removal.[29]  The jurisdiction of the federal court is determined by the record as it exists at

the time the notice of removal is filed.[30]

     In this instant matter, the parties dispute whether the Court has subject matter jurisdiction

based on diversity to hear this case.  Article III, Sections 1 and 2 of the United States Constitution

provides Congress with the authority to vest the federal courts with jurisdiction over

controversies between citizens of different states, or between citizens of a state and citizens of a

foreign country.[31]  Congress first authorized diversity jurisdiction in the Judiciary Act of 1789.[32]

---

[24] **Howery v. Allstate Ins. Co.**, 243 F.3d 912, 916 (5th Cir. 2001).

[25] **Kokkonen v. Guardian Life Ins. Co**., 511 U.S. 375 (1994); **In re Hunter**, 66 F.3d 1002, 1005 (9th Cir. 1995); **Celli v. Shoell**, 40 F.3d 324, 327 (10th Cir. 1994).

[26] **Allen v. R & H Oil & Gas Co.**, 63 F.3d 1326, 1335 (5th Cir. 1995).

[27] **Willy v. Coastal Corp.**, 855 F.2d 1160, 1164 (5th Cir. 1988); **Kansas Pub. Employees Retirement Sys. v. Reimer & Kroger Assoc. Inc.** , 4 F.3d 614, 618 (8th Cir. 1993).

[28] **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 108-109 (1941); **Healy v. Ratta**, 292 U.S. 263, 270 (1934).

[29] **Owens Equip. & Erection Co. v. Kroger**, 437 U.S. 365, 377 (1978); **Diaz v. Sheppard**, 85 F. 3d 1502, 1505 (11th Cir. 1996).

[30] **Grupo Dataflux v. Atlas Global Group, L.P.,** 541 U.S.567, 570-71 (2004); **see also** **FSLIC v. Griffin**, 935 F.2d 691, 695-96 (5th Cir. 1991)("The power to remove an action is evaluated at the time of removal.").

[31] 13B Wright, Miller & Cooper, **supra** § 3601 at 334-35 (2d ed. 1984)**.**

[32] **Id.**

The requirements for diversity jurisdiction are now set forth in 28 U.S.C. § 1332. Section 1332 provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States;...[33]

Plaintiff is a Delaware corporation which has its principal place of business located in San Antonio, Texas. Defendant is an Indiana corporation with its principal place of business located in Carmel, Indiana. There is no question that the parties meet the citizenship requirements of section 1332.

The parties dispute that the amount in controversy meets the jurisdictional minimum required by the diversity jurisdiction statute. Plaintiff contends that the complaint on its face does not allege a specific amount of damages, and therefore, defendant must demonstrate by a preponderance of the evidence that the amount in controversy is more than $75,000.00. Plaintiff argues that defendant has failed to provide any evidence to support the removal. Furthermore, plaintiff has offered an affidavit stipulating that it does not seek and expressly waives damages in excess of $75,000.00 exclusive of costs and interest.[34]

The well-established rule is that the sum claimed by a plaintiff in his or her original complaint controls for diversity jurisdiction purposes, if the claim has been made in good faith.[35] In determining whether the claim meets the minimum amount required for jurisdiction, the court

---

[33] 28 U.S.C. § 1332(a).

[34] Docket Entry 6, Exhibit A.

[35] **St. Paul Mercury Indem. Co. v. Red Cab Co.**, 303 U.S. 283, 288 (1938).

should respect the plaintiff's evaluation of the claim.[36]   However, a subsequent amendment or stipulation by the plaintiff to seek a lesser amount will not divest the federal court of jurisdiction.[37] A corollary to the general rule is that "a plaintiff in state court may prevent removal by committing to accept less than the federal jurisdictional minimum."[38]

The Fifth Circuit has established a framework for resolving disputes concerning the amount in controversy.  In Texas and Louisiana, plaintiffs in state court petitions may not specify the numerical value of the damage claim.[39]  Where the petition does not allege a specific damage amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[40]  The defendant may make this showing: (1) by demonstrating that it is "facially apparent" from the face of the complaint that the claims are likely above $75,000.00, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.[41]

In this case, the original complaint contains claims for business disparagement and tortious interference with contracts and prospective business relationships, and requests injunctive relief and monetary damages.  The complaint does not request damages in a specific amount.  Nor it is facially apparent that the damages sought or incurred were likely above $75,000.00.

---

[36] **Barbers, Hairstyling For Men & Women, Inc. v. Bishop**, 132 F.3d 1203, 1205 (7th Cir. 1998) (citing **St. Paul Mercury**, 303 U.S. at 289).

[37] **St. Paul Mercury**, 303 U.S. at 292.

[38] **Id.**

[39] Tex. R. Civ. P. 47(b);  La.Code Civ. P. art. 893.

[40] **De Aguilar v. Boeing Co**., 11 F.3d 55, 58 (5th Cir.1993).

[41] **Luckett v. Delta Airlines, Inc.**, 171 F.3d 295, 298 (5th Cir. 1999).

9

Defendant did not provide any proof to establish that the amount in controversy meets the jurisdictional minimum.  In its notice of removal, defendant identifies plaintiff as a multi-million dollar company and notes that plaintiff seeks actual and punitive damages along with injunctive relief.[42]  Defendant correctly states that the value of injunctive relief "is the value of the right to be protected or the extent of the injury to be prevented."[43]  Defendant goes on to argue that the value of the injunctive relief sought clearly exceeds $75,000.00, noting the reputational injury as well as the damage to business relationships which plaintiff claimed resulted from defendant's dissemination of false information to plaintiff's customers.  However, in this case it is not "facially apparent" that the value of this injury – suffered as a result of a single, one-time communication to plaintiff's customers in which defendant is alleged to have improperly characterized plaintiff's financial situation – is likely to exceed $75,000.

In contrast, plaintiff provided an affidavit of Robert Thomas, Vice President of Customer Accounting for plaintiff.[44]  Mr. Thomas represents that plaintiff seeks damages in this case not to exceed $75,000.00.  Furthermore, in its motion to remand, plaintiff expressly waived damages in excess of $75,000.00 excluding costs and interest.[45]  Based on the record as a whole, plaintiff's affidavit serves to clarify the amount in controversy at the time of removal and does not attempt

---

[42] Docket Entry 1, ¶ 2, at 8.

[43] **Leininger v. Leininger**, 705 F.2d 727, 729 (5th Cir. 1983) (citing **Aladdin's Castle, Inc. v. City of Mesquite**, 630 F.2d 1029 (5th Cir.1980) and **Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.**, 559 F.2d 1019 (5th Cir.1977)).

[44] Docket Entry 6, Exhibit A.

[45] In its reply in support of the motion to remand, plaintiff notes that the Bexar County District Court only required $500.00 be deposited with the Clerk to protect defendant from any harm incurred from the TRO. Docket Entry 15 at 6, ¶ 17.  Plaintiff argues that the small amount equates to the value that the Bexar County District Court placed on the TRO and the injunctive relief sought by plaintiff.

to amend the original complaint.[46]  Indeed, it is strong proof that the amount in controversy is less than $75,000.00.

The Fifth Circuit has specifically held that post-removal affidavits may be considered when it is unclear from the complaint that jurisdiction at the time of removal is proper.  In **Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A.** ("**ANPAC**"),[47] a group of small-scale fishermen brought suit in Texas state court against Dow Chemical Company and its wholly owned Columbia subsidiary seeking damages arising from a pesticide spill.[48]  Plaintiffs claimed that the spill immediately killed tons of fish that would have been available for harvest and damaged the food chain by killing plant and animal life in the bay, thereby, causing grave economic losses.  Plaintiffs also claimed that they had suffered personal injuries including skin rashes from handling the dead fish.[49]

Dow Chemical removed the case to federal court alleging that its subsidiary had been fraudulently joined to defeat diversity jurisdiction and that the amount in controversy exceeded $50,000.00, the jurisdictional minimum at the time.  Plaintiffs moved to remand based in part on the contention that the requisite amount was not in controversy.[50]  Along with their motion to remand, plaintiffs attached an affidavit from their Columbia attorney stating that no individual fisherman had suffered losses greater than $50,000.00.  The District Court denied the motion to

---

[46] **See** **Halsne v. Liberty Mutual Group**, 40 F.Supp.2d 1087, 1092 (N.D. Iowa 1999) (determining that the stipulation clarified rather than amended the pleadings).

[47] 988 F.2d 559 (5th Cir. 1993), **abrogated on other grounds**, **Marathon Oil Co. v. Ruhrgas**, 145 F.3d 211 (5th Cir. 1998), **rev'd on other grounds** 526 U.S. 574 (1999).

[48] **Id.** at 561.

[49] **Id.** at 562.

[50] **Id.**

remand and ultimately dismissed the entire case on *forum non conveniens* grounds.

In reversing the District Court's denial of the motion to remand, the Fifth Circuit noted that plaintiffs could not deprive a federal court of jurisdiction by changing their damage request. However, since the jurisdiction question was ambiguous, the attorney's affidavit could be considered to clarify the complaint.[51]

The Fifth Circuit ultimately held that where the complaint does not specify damages and it was not facially apparent that the damages sought or incurred were likely to above the jurisdictional minimum, and plaintiff timely contests removal with an unrebutted affidavit stating that the amount in controversy does not meet the jurisdictional minimum, defendant cannot meet its burden to establish subject matter jurisdiction without competent evidence that the actual amount in controversy exceeds the jurisdictional amount.[52]

In the case before this Court, defendant has argued strenuously that the jurisdictional amount is met considering the value of the injunctive relief sought as well as the damage components of any recovery.  However, as explained above, it is not apparent that the amount in controversy exceeds $75,000, and defendant failed to provide any evidence to support its arguments and jurisdictional allegations, or challenge plaintiff's affidavit.  As the party bearing the burden of proof, defendant must do more than present conclusory arguments in order to defeat the motion to remand.   Accordingly, I recommend that the District Court find that defendant has

---

[51] **Id.** at 565.

[52] **Id.** at 566.  **See also** **De Aquilar v. Boeing Co.**, 11 F.3d 55, 57 (5th Cir. 1993); **Farrar v. Wal-Mart Stores, Inc.**, No. SA-04-CA-0775-RF, 2004 WL 2616303 (W.D. Tex. Nov.16, 2004) (following the analysis of ANPAC and considering plaintiff's affidavit in determining that remand was proper); **Callaway v. BASF Corp.**, 810 F.Supp. 191, 193 (S.D. Tex. 1993) (providing plaintiff with the option to stipulate to damages less than the jurisdictional minimum in order to remand); **Halsne**, 40 F.Supp.2d at 1092-93 (affidavit clarified pleadings to show amount in controversy did not meet jurisdictional minimum, case remanded).

failed to meet its burden of proof to show that plaintiff's claims involve an amount in controversy exceeding $75,000.00, that this Court is without jurisdiction over this dispute, and that remand is proper.

## VI. <u>Recommendation</u>

Based on the foregoing, it is my recommendation that plaintiff's motion to remand be **<u>GRANTED</u>** and that the District Court **<u>REMAND</u>** this case to the 225th Judicial District Court of Bexar County, Texas, where it was originally filed.

## VII.  <u>Instructions for Service and Notice of Right to Object/Appeal</u>

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[53]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in

---

[53] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

this report shall bar the party from a *de novo* determination by the District Court.[54]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[55]

    **SIGNED** on June 8, 2006.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[54] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).

[55] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

14